IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | | |
|---|---|---|
| SANDRA K. RINGLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:10CV00058 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | By: James P. Jones |
| COMMISSIONER OF | ) | United States District Judge |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

*Joseph E. Wolfe, Wolfe, Williams, Rutherford & Reynolds, Norton, Virginia, for Plaintiff; Eric P. Kressman, Regional Chief Counsel, Region III, Anne von Scheven, Assistant Regional Counsel, and Robert W. Kosman, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this Social Security disability case, I affirm the final decision of the Commissioner.

I

Plaintiff Sandra K. Ringley filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits ("DIB") and social security income ("SSI") benefits pursuant to Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C.A. §§

401-433, 1381-1383d (West 2003 & Supp. 2010). Jurisdiction of this court exists pursuant to 42 U.S.C.A. §§ 405(g) and 1383(c)(3).

Ringley filed for benefits in May 2004, alleging disability since October 27, 2003, due to multiple exertional and nonexertional impairments, including pain and numbness in her back and extremities. She also alleges mental impairments, including anxiety, depression, and insomnia. Her claim was denied initially and upon reconsideration. Ringley received a hearing before an administrative law judge ("ALJ"), during which Ringley, represented by counsel, and a vocational expert ("VE") testified. The ALJ denied Ringley's claim and the Social Security Administration's Appeals Council denied her Request for Reconsideration. Ringley then filed a Complaint with this court, objecting to the Commissioner's final decision.

After consideration, Ringley's case was remanded by this court to the Commissioner for further proceedings. *Ringley v. Astrue*, No. 2:06CV00057 (W.D. Va. Aug. 9, 2007) (Williams, J.). The court found that the ALJ failed to properly incorporate into Ringley's functional capacity assessment the exertional limitations recommended by state agency reviewing physicians.

At the time of remand, Ringley had filed subsequent applications for DIB and SSI benefits in January 2006, which were also denied initially and on

reconsideration. Ringley's claims were combined upon remand, and Ringley received additional hearings before an ALJ on June 26, 2007 and April 11, 2008. The ALJ found that Ringley retained the residual functional capacity to perform a limited range of light exertional work. Because such work existed in significant numbers in the national economy, the ALJ found that Ringley was not disabled. Ringley appealed to the Social Security Administration's Appeals Council, who denied her Request for Reconsideration. Ringley then filed a Complaint with this court on August 18, 2010, objecting to the Commissioner's final decision.

The parties have filed cross motions for summary judgment and have briefed the issues. The case is ripe for decision.

II

Ringley was forty-two years old when she filed for benefits, a person of "younger age" under the regulations. *See* 20 C.F.R. § 404.1563(c) and §416.963(c) (2010). Ringley has a minimal educational background, having completed schooling only through the sixth-grade. Her records indicate she failed the third grade and received some assistance through special education classes. Ringley has not obtained a GED. She has previously worked as a school cafeteria cook, a

waitress, and a cashier. Ringley has not engaged in substantial gainful activity since February 2004.

Ringley's medical history and impairments are described in the prior opinion by this court, and I incorporate them by reference. In brief summary, Ringley has a history of back and leg pain dated as far back as 2002. G.S. Kanwal, M.D., her family practitioner at Coeburn Hospital Clinic, acted as her primary treating physician through March 2008. At various points, Dr. Kanwal referred Ringley for additional orthopedic and chiropractic care. Ringley additionally received medicative pain treatment, several MRIs, X rays, and other diagnostic testing. The record uniformly indicates that Ringley suffered from multilevel degenerative disc disease of the lumbar spine. She was also variously diagnosed with arthritis, spondylosis, and disc desiccation. Despite these diagnoses, Ringley received relatively conservative treatment involving no prolonged medicative treatment and no surgical intervention.

Ringley also presented evidence of mental impairments, specifically depression, anxiety, stress, nervousness, and insomnia. Ringley additionally asserted intellectual functioning at the low range, pointing to her minimal educational background and IQ scoring. Although Ringley did not allege any mental impairment in her formal applications for benefits, she underwent two state

consultative psychological exams in 2004 and 2006. In 2007, the records show that Ringley first sought independent mental health counseling from Frontier Health and Wise County Behavioral Services.

In the prior opinion, this court found that the ALJ inappropriately failed to address specific functional limitations on Ringley's ability to perform light work that were identified by two state agency reviewing physicians. The state physicians noted that Ringley was limited in her ability to push and/or pull in her lower extremities and in her back. Additionally, these physicians found limitations in Ringley's abilities to stoop, kneel, crouch, and crawl. This court found that the ALJ failed to apply these limitations in assessing Ringley as capable of performing a full range of light work. Because the court found that this error merited remand, it did not address Ringley's other contention that the ALJ erred by adopting the opinions of the state agency physicians over those of Dr. Kanwal.

On remand, the ALJ found that Ringley suffered from low back pain, arthritis, a cyst in her knee, and reduced range of motion in her shoulders. The ALJ found that the record did not support a severe mental disorder. Even taking Ringley's severe impairments into account, the ALJ found that Ringley could perform a limited range of light work, provided the work accounted for Ringley's positional and manipulative limitations. (R. at 328.)

The VE testified that someone with Ringley's residual functional capacity, age, and work history could perform a limited range of light, unskilled level work in occupations such as a price labeler, non-emergency dispatcher, and elderly companion. According to the VE, there are approximately 7,100 such jobs in the region and 270,000 jobs in the national economy. Relying on this testimony, the ALJ concluded that Ringley was able to perform work that existed in significant numbers in the national economy and was therefore not disabled under the Act.

Ringley now challenges the ALJ's unfavorable ruling, arguing that the decision is not supported by substantial evidence. For the reasons detailed below, I disagree.

### III

The plaintiff bears the burden of proving that she is under a disability. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The standard for disability is strict. The plaintiff must show that her "physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C.A. § 423(d)(2)(A) (2010).

In assessing DIB and SSI claims, the Commissioner applies a five-step sequential evaluation process. The Commissioner considers whether the claimant: (1) has worked during the alleged period of disability; (2) has a severe impairment; (3) has a condition that meets or equals the severity of a listed impairment; (4) could return to past relevant work; and (5) if not, whether [s]he could perform other work present in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2010). If it is determined at any point in the five-step analysis that the claimant is not disabled, the inquiry immediately ceases. *Id.*; *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983). The fourth and fifth steps of the inquiry require an assessment of the claimant's residual functional capacity, which is then compared with the physical and mental demands of the claimant's past relevant work and of other work present in the national economy. *Id.* at 869.

This court's review is limited to a determination of whether there is substantial evidence to support the Commissioner's final decision and whether the correct legal standard was applied. 42 U.S.C.A. § 405(g); *see Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). In accordance with the Act, I must uphold the Commissioner's findings if substantial evidence supports them and the findings were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence means "such relevant evidence

-7-

Case 2:10-cv-00058-JPJ-PMS   Document 18   Filed 08/22/11   Page 7 of 14   Pageid#: 774

as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). This standard "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is the role of the ALJ to resolve evidentiary conflicts, including inconsistencies in the evidence. It is not the role of this court to substitute its judgment for that of the Commissioner. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

On appeal, Ringley argues that substantial evidence does not support the ALJ's ruling. Ringley argues that the ALJ improperly adopted the evaluations of state agency reviewing physicians over that of her treating physician. Ringley also challenges the ALJ's finding that she did not suffer from a severe mental impairment.

First, Ringley argues that the ALJ's decision was not supported by substantial evidence because the ALJ did not accord proper weight to the opinion of her long-term treating physician, Dr. Kanwal. Although Dr. Kanwal's handwritten notes are partially illegible, they reflect his ongoing treatment of Ringley for a variety of conditions, including pain in her head, neck, low back, hip, and left knee. Dr. Kanwal also treated Ringley for degenerative disc disease, joint disease, and

arthritis. Dr. Kanwal additionally saw Ringley for a variety of mental health complaints, including stress, nervousness, depression, and dizziness.

Dr. Kanwal completed two residual functional capacity assessments for Ringley in September 2005 and June 2007. In 2005, Dr. Kanwal opined that Ringley could lift/carry a maximum of fifteen pounds occasionally, ten pounds frequently; could stand/walk for a total of two to three hours in an eight-hour day, for thirty minutes without interruption; and could sit for a total of two to four hours in an eight-hour day, fifteen minutes without interruption. Dr. Kanwal found limitations in Ringley's abilities to stoop, kneel, crouch, crawl, climb and balance, as well as restrictions in her abilities to reach, push, or pull. He additionally imposed environmental restrictions in regard to exposure to moving machinery. In 2007, Dr. Kanwal imposed similar limitations, but expanded Ringley's environmental restrictions in regard to exposure to heights, moving machinery, temperature extremes, noise, fumes, and vibration.

The ALJ rejected Dr. Kanwal's opinion, finding that it was not supported by the evidence of record. Instead, the ALJ granted some weight to the opinions of state agency reviewing physicians and great weight to testimony provided at the hearing by Haddon Christopher Alexander, M.D. Dr. Alexander, a specialist in rheumatology and internal medicine, testified as to his independent consultative

opinion after reviewing Ringley's records.

Dr. Alexander testified that Dr. Kanwal's opinions as to Ringley's abilities were not supported by Dr. Kanwal's progress notes or the conservative treatment he gave her. Although Ringley had been referred to several specialists by Dr. Kanwal over the years, none of their diagnostic testing revealed anything more than simple degenerative changes. According to Dr. Alexander's review, Ringley showed only "less than minimal" nerve root compression or nerve impingement. (R. at 675.) Dr. Alexander opined that Ringley suffered from back tenderness, knee arthritis, a decreased range of motion of her shoulders, a slightly reduced back range of motion, and no nerve compression. He assessed Ringley with the abilities to lift or carry twenty pounds occasionally and ten pounds frequently and to push and pull with the upper and lower extremities. He opined that Ringley could walk four hours in an eight hour workday for twenty to thirty minute intervals, and could sit or stand six hours each in an eight hour workday. Dr. Alexander's opinions largely conformed with assessments made by two state agency physicians in 2006 upon consultative examination and review of Ringley's records.

A treating physician's medical opinion will be given controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case

-10-

record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (2010). However, the ALJ has "the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). In the case of a consultative source, the ALJ has even wider discretion, because only a treating source's opinion is entitled to controlling weight. 20 C.F.R. §§404.1527(d); 416.927(d); *see also Sykes v. Apfel*, 228 F.3d 259, 266 n.7 (3d Cir. 2007).

In the present case, the ALJ rejected Dr. Kanwal's assessment in favor of those of state agency physicians and the testimony of Dr. Alexander. Although these doctors found Ringley to be impaired in virtually all areas assessed under the agency forms, their findings were nonetheless less restrictive than those of Dr. Kanwal. However, the other doctors' assessments did not contradict the overall treatment of Ringley provided by Dr. Kanwal. Although Dr. Kanwal variously prescribed certain medicative treatments and referred Ringley to specialists, diagnostic evaluations showed relatively mild degenerative disc disorder and arthritis. Accordingly, Dr. Kanwal's treatment, although long-term in its duration, was relatively conservative. Ringley never underwent surgical intervention, prolonged physical therapy, or more than minimal medicative treatment. Moreover, her visits with Dr. Kanwal, though periodic, were often infrequent. Dr.

-11-

Kanwal did not indicate in his progress notes or course of treatment the severity of impairment reflected on his residual functional capacity assessments.

Rather, the objective findings align more accurately with the functional limitations assessed by the multiple state agency physicians and Dr. Alexander's testimony. Those assessments, while acknowledging that Ringley suffered from a severe degenerative disc disorder, comport with the objective evidence that this disorder would not render her wholly incapable of performing light work. Indeed, the limitations found in these assessments align more closely with Ringley's daily activities. The records indicate that throughout the period of alleged disability, Ringley spent significant time acting as the caregiver of several elderly relatives. Indeed, the abilities needed to perform the tasks of caregiving on a sustained basis were reflected in one of the occupations suggested by the vocational expert. Given the overall weight of the records, the ALJ was within her discretion to reject Dr. Kanwal's overly restrictive assessment in favor of those more accurately reflecting the objective medical evidence on record. Accordingly, I find that substantial evidence supports the ALJ's determinations.

Second, Ringley challenges the ALJ's assessment that she does not suffer from a severe mental impairment. Here, substantial evidence supports the ALJ's finding.

The record is scant to support Ringley's claims of mental impairment. She did not assert mental impairments in her applications for disability. Likewise, Ringley did not challenge any of the ALJ's findings in her first appeal before this court, who also found that she did not suffer from a severe mental impairment. Having never sought formal mental health treatment before her applications for benefits, the first indication of mental impairment on record came from a consultative evaluation performed by Virginia's Department of Rehabilitative Services in 2004. The report indicated that Ringley suffered from depression, but that this depression did not significantly limit her workplace abilities. State agency psychologists agreed with this assessment, finding her mental impairments to be either nonsevere or not medically determinable.

Ringley's claim finds the most support in her treatment at Frontier Health and Wise County Behavioral Services in 2007 and 2008. However, even the notes from these treating sources reflect a preoccupation with the outcome of her disability claims, rather than a determinable medical impairment. Although she received individual counseling from these sources, the record does not show medicative intervention. Moreover, to the extent that Dr. Kanwal treated Ringley over the years for mental health complaints, his treatment was minimal, and he did not refer Ringley for formal mental health treatment with a specialist. Based on these

records, I do not find cause to disturb the ALJ's findings.

Finally, I note that despite the scant evidence supporting Ringley's mental health claims, the ALJ recognized her limited educational level in her residual functional capacity assessment. Moreover, the ALJ accorded moderate limitations with regard to Ringley's abilities for concentration, persistence, or pace, in an attempt to account for side effects from medication and pain that accompany Ringley's physical impairments. As a result, I find that the ALJ's ultimate determination as to Ringley's disability status is supported by substantial evidence in the record.

IV

For the foregoing reasons, the plaintiff's Motion for Summary Judgment will be denied, and the defendant's Motion for Summary Judgment will be granted. A final judgment will be entered affirming the Commissioner's final decision denying benefits.

DATED: August 22, 2011

/S/ JAMES P. JONES
United States District Judge

-14-